UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>FRANCINE ANNE FLATTERY<br>STEPHEN WILLIAM FLATTERY<br><br>Debtors. | Chapter 7<br>Case No. 10-43964-MSH |

**MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO EXEMPTIONS**

This matter came before me on the Chapter 7 trustee's objection to the debtors' scheduled exemption of a claim by the debtor, Francine Anne Flattery, against her former employer. Following oral argument the parties submitted memoranda of law. In their memorandum the debtors waived Mr. Flattery's asserted exemption under 11 U.S.C. § 522(d)(5). Remaining at issue are Ms. Flattery's claimed exemptions under 11 U.S.C. §§ 522(d)(5), (d)(11)(D) and (d)(11)(E).

**Background**

The debtors filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on August 9, 2010. Among their scheduled assets was Ms. Flattery's claim, pending before the Massachusetts Commission Against Discrimination ("MCAD"), against her former employer for wrongful termination. In her complaint filed with the MCAD, Ms. Flattery alleged that her termination was the result of employment discrimination and that she suffered, among other things, emotional distress as a result of her former employer's behavior. On Schedule B of their Schedules of Assets and Liabilities the debtors valued the claim at $100,000. On Schedule C they claimed the full $100,000 value of their claim as exempt based on the following allocation:

1

        11 U.S.C. § 522(d)(5):      $23,232.44
        11 U.S.C. § 522(d)(11)(D):  $43,250.00
        11 U.S.C. § 522(d)(11)(E):  $33,517.56

The Chapter 7 Trustee objected to the exemptions on the grounds that (i) Mr. Flattery is not entitled to exempt any portion of the claim; (ii) under § 522(d)(5) the maximum allowable amount which may be claimed by Ms. Flattery is no more than $11,975; (iii) Ms. Flattery did not suffer "personal bodily injury" and thus her claim is not subject to exemption under § 522(d)(11)(D) and (iv) Ms. Flattery's claim is not a claim for loss of future earnings and thus § 522(d)(11)(E) is unavailable to her.

## Discussion

Section 522(d)(5)

As noted, the debtors have conceded that since Mr. Flattery has asserted no claim against Ms. Flattery's employer, he may not seek to exempt any portion of the MCAD claim under § 522(d)(5) or otherwise.   That leaves Ms. Flattery's claimed exemption under § 522(d)(5) which the Chapter 7 trustee correctly argues cannot exceed $11,975.[1]   Accordingly I will allow Ms. Flattery to exempt $11,975 of her MCAD claim pursuant to § 522(d)(5).

Section 522(d)(11)(D)

Bankruptcy Code § 522(d)(11)(D) provides for an exemption in :

> a payment, not to exceed $21,625, on account of *personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss*, of the debtor or an individual of whom the debtor is a dependent….

(Emphasis added).

---

[1] This amount consists of $1,150 plus the full "wildcard" exemption of $10,825 available to Ms. Flattery since the debtors exempted nothing under § 522(d)(1).

2

A number of courts have struggled to understand the scope of this exemption,[2] but to me the language is unambiguous. Section 522(d)(11)(D) permits a debtor to exempt up to $21,625 paid on account of a personal bodily injury claim provided that none of that amount may be attributable to payment for pain and suffering or compensation for actual pecuniary loss.[3] A claim for bodily injury is typically comprised of one or more elements of compensatory damage including medical expenses, impairment of future earning capacity, lost wages, pain and suffering, loss of consortium and emotional distress. *See generally* Joseph A. Nolan and Lauries J. Sartorio, 37 Mass. Prac. Series ch. 13 (3d ed. current through 2010); Restatement (Second) of Torts, division 13, ch. 47 (current through 2010). A monetary award on account of a personal bodily injury claim will thus necessarily be composed of some or all of these elements. Should the claimant become a debtor in bankruptcy, any portion of the award attributable to pain and suffering or actual pecuniary loss (for example, medical expenses or lost wages) could not be exempted under § 522(d)(11)(D) and, unless otherwise exempted under another provision of § 522(d), would remain an asset of the debtor's bankruptcy estate. Any portion of the personal bodily injury award attributable to any other damage element, such as loss of consortium, impairment of earning capacity[4] or emotional distress, however, would be exempt up to the statutory maximum.

---

[2] *See, e.g., Ford Motor Credit Co. v. Territo (In re Territo)*, 36 B.R. 667 (Bankr. E.D. N.Y. 1984).

[3] Because the statute is unambiguous I need not resort to the legislative history of § 522(d)(11)(D), which is fortunate because as has been observed, the "legislative history cannot be taken seriously," *In re Lynn*, 13 B.R. 361, 362 (Bankr. W.D. Wis. 1981), and "fails to provide any enlightenment with regard to the statute's proper interpretation." *In re Barner,* 239 B.R. 139, 143 (Bankr. W. D. Ky. 1999).

[4] Impairment of earning capacity would, presumably, be subject to the limitations of § 522(d)(11)(E).

3

In this case, while Ms. Flattery asserts that her former employer caused her emotional distress, the alleged tort which underpins her complaint and of which the emotional distress claim is an element is not that of personal bodily injury.   Rather, the tort of which the debtor complains is employment discrimination under Mass. Gen. Laws ch. 151B.   In paragraph 28 of the debtor's MCAD complaint, Ms. Flattery, referring to her employer's violation of Mass. Gen. Laws ch. 151B, states:

> As a direct and proximate result of the Company's above-described illegal conduct Ms. Flattery has been greatly damaged. She has suffered a loss of wages and benefits of her employment, a diminution in her earning capacity and the opportunity for advancement of her career, damage to her professional reputation, and has endured significant emotional distress.

Section 522(d)(11)(D) is limited to payments on account of personal bodily injury. Nothing in the debtor's MCAD claim involves personal bodily injury and thus § 522(d)(11)(D) is unavailable to her.

A number of courts have observed that statutory discrimination claims are at bottom a category of personal injury tort.   *Batista v. Redondo Construction Corp. (In re Redondo Construction Corp)*, 2006 WL 3898382, *3 (Bankr. D.P.R. 2006); *Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 160 (Bankr. D. Conn. 2002), and cases cited therein.   For this reason, for example, some courts have found such claims to be outside the subject matter jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(O) which provides that a bankruptcy court may hear and determine "proceedings affecting the adjustment of the debtor-creditor relationship, except personal injury tort or wrongful death claims."   *Redondo,* 2006 WL 3898382 at *3; *Ice Cream Liquidation, Inc.*, 281 B.R. at 160.

4

The fact that Ms. Flattery's MCAD claim may fall generally under the rubric of a personal injury tort claim[5] does not advance her argument for exempting under § 522(d)(11)(D) any recovery for emotional distress as an element of that claim. Section 522(d)(11)(D) limits the scope of personal injury claims that a debtor may exempt only to claims for "bodily" injury.[6] While her discrimination claim may fall under the general category of personal injury tort, no credible legal theory would support classifying Ms. Flattery's cause of action under Mass. Gen. Laws ch. 151B as a claim for personal *bodily* injury.  *Redondo,* 2006 WL 3898382 at *3.

A claim for emotional distress damages may arise in a variety of contexts which can complicate the process of determining whether the claim qualifies for exemption under § 522(d)(11)(D).   In the case of Ms. Flattery's claim the analysis is straightforward since the tort which forms the basis of her emotional distress claim has no connection to personal bodily injury. Other situations are less clear-cut. Some courts view emotional distress as a subcategory under the damage element of pain and suffering.  *In re Barner*, 239 B.R. 139 (Bankr. W.D. Ky. 1999). According to this view the statutory exclusion in § 522(d)(11)(D) for payment on account of pain and suffering *ipso facto* disqualifies emotional distress damages from exemption as well. I do not believe that emotional distress damages are always subsumed within pain and suffering.   On the contrary, it is entirely possible for these two damage elements to exist independently either alone or as separate components of a personal injury claim.  *Norfolk v. Western RR Co. v. Ayers,* 538 U.S. 135, 147, 123 S.Ct. 1210, 1218, 155 L.Ed.2d 261 (2003).   Thus, depending on the facts of a

---

[5] I agree with Judge Weil's approach in *Ice Cream Liquidation* that while some discrimination claims sound in personal injury tort, not all do.

[6] In addition to discrimination claims, there are a number of personal injury torts that do not involve bodily injury, for example false imprisonment, defamation and malicious prosecution. *See generally* Restatement (Second) of Torts.

specific personal bodily injury claim, I believe emotional distress damages may be exempted under § 522(d)(11)(D).

Another complicating factor with regard to an emotional distress claim is that, in addition to being a damage element of personal injury claims generally, it may exist as an independent tort. Restatement (Second) of Torts § 312 (intentional infliction of emotional distress) and § 313 (negligent infliction of emotional distress). In Massachusetts, for example, a cause of action for the intentional infliction of emotional distress need not be accompanied by any allegations or evidence of bodily injury. *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45, 355 N.E.2d 315 (1976). Such a claim would clearly not be subject to exemption under § 522(d)(11)(D). On the other hand, a claim for the intentional infliction of emotional distress that happens to be accompanied by bodily injury or a claim for the negligent infliction of emotional distress which under Massachusetts law, for example, requires an accompanying bodily injury, *Bresnahan v. McAuliffe*, 47 Mass. App. Ct. 278, 712 N.E.2d 1173 (1999), presents a challenge. Does § 522(d)(11)(D) mean to exempt an emotional distress claim only when it is an element of a personal bodily injury cause of action or even when the emotional distress claim is *itself* the cause of action and happens to have been brought on by a personal bodily injury? As the question is not now before me I need not decide it but would suggest that part of the answer will lie in the specific facts pled in the underlying tort suit and the relationship between the emotional distress tort claim and the personal bodily injury at issue.

Section 522(d)(11)(E)

Section 522(d)(11)(E) permits the exemption of "a payment for loss of future earnings … to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

The trustee has two challenges to Ms. Flattery's asserting this exemption: first, the exemption can only be for a payment relating to lost *postpetition* wages and second, the payment can only be exempted to the extent reasonably necessary for the support of the debtor and her dependents. Whether or what portion of any payment Ms. Flattery recovers from her employer may be exempted under this section of the Bankruptcy Code must await the resolution of the MCAD action and then, depending on the outcome, may require an evidentiary hearing to determine whether the elements of § 522(d)(11)(E) are satisfied.

## Conclusion

The Chapter 7 trustee's objection to Mr. Flattery's exempting any portion Ms. Flattery's recovery on account of her MCAD claim is sustained. Ms. Flattery's Bankruptcy Code § 522(d)(5) exemption of any payment received on account of her MCAD claim is allowed in the amount of $11,975. The Chapter 7 trustee's objection to Ms. Flattery's exemption under § 522(d)(11)(D) is sustained. Finally, the trustee's objection to her exemption under § 522(d)(11)(E) is deferred pending the completion of the MCAD action.

A separate order will issue.

Dated: March 23, 2011                                                                By the Court,

                                                                                                Melvin S. Hoffman
                                                                                                U.S. Bankruptcy Judge